UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

CASE NO: 6:17-cr-87-Orl-37DCI

JOAQUIN ALVAREZ-RODRIGUEZ

    Defendant.

## ORDER

    This case comes before the Court on Defendant Joaquin Alvarez-Rodriguez' Motion for Reconsideration of Conditions of Release (Doc. 62). The Court held an evidentiary hearing on the motion, then listened to the recording of Defendant's original detention hearing held on March 14, 2017, and considered the entire record in the case. For the reasons set forth below, the motion is due to be denied.

    A grand jury has indicted Defendant on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine (Doc. 22 at 1-2). At the original detention hearing the Court found that the rebuttable presumption in 18 U.S.C. § 3142(e)(3) applies. The Court also found that had Defendant satisfied his burden to produce some relevant evidence to show that he does not pose a danger to the community and is not likely to flee. Still, the presumption remains in the case.

    The evidence shows that prior to his arrest, Defendant was engaged in a significant, ongoing criminal enterprise to transport cocaine from Puerto Rico to Florida for distribution, and that he was also involved in the collection of the proceeds from drug sales. This included at least one suggestion of violence if a drug debt was not paid. The

evidence also shows that Defendant was centrally involved in the enterprise for an extended period of time, and that while he did not appear to be at the top of the organization, he was a decision maker. After Defendant was arrested, he engaged in telephone calls from the jail that were recorded. Those calls are reasonably understood to show that Defendant continued his participation in the criminal enterprise following his arrest.

Evidence favorable to Defendant includes that he has no prior criminal convictions, he was not in possession of drugs or firearms when he was arrested, and there is no evidence that he abuses drugs or alcohol. Defendant does not have a passport, he has never travelled internationally, and he was not uncooperative when arrested. If released, Defendant can live with his father in Winter Garden, Florida, and his father will get Defendant a job and insure that Defendant does not miss any court appearances. Defendant's father will also cosign a bond and act as a third-party custodian of his son.

After hearing the evidence and argument of counsel, the Court found by a preponderance of the evidence that Defendant was a risk of flight, and by clear and convincing evidence that Defendant posed a danger to the community in that he would likely continue to engage in the drug business if released on bail. Based upon these findings, the Court ordered that Defendant be detained pending his trial.

Defendant seeks reconsideration of the Court's Order based on new evidence that his grandfather will pledge property in Puerto Rico as bail security, and Defendant has two family friends who have offered to sign and be bound by an unsecured bond to insure his compliance with any conditions of pretrial release imposed by the Court. Defendant's application for bail is also supported by family and friends, some of whom travelled from out-of-state, to support him and his motion.

"[R]econsideration of a pervious order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235 (M.D. Fla. 1993)). "There are three major grounds which justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. at 1369 (citing Offices of Togolais Pes Phosphates v. Mulberry Phosphates, Inc., 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999); see also United States v. Edler, No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013) (applying reconsideration factors set forth in Burger King, 181 F.Supp. at 1370 to motion for reconsideration of a pretrial detention order). By statute, a detention hearing may also be reopened and the issue of detention reconsidered, if the Court finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

Even if the Court were to find from the new evidence supplied by Defendant that he is not a flight risk, the Court would not alter its finding by clear and convincing evidence that Defendant, if released, would engage in the illegal drug business, which would make him a danger to the community. Consequently, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    United States Pretrial Services Office
    Joaquin Alvarez-Rodriguez